Fairman *v.* Bavin.

---

LOUISA M. FAIRMAN, Plaintiff in Error, *v.* WILLIAM BAVIN, Defendant in Error.

29    75
94a   222
94a   223

ERROR TO THE SUPERIOR COURT OF CHICAGO.

When a case is made, the court will go to the extremest length in holding agents and those acting in a fiduciary capacity, to the strictest fairness and integrity.

THIS complainant alleges, that the defendant, being in her employment as confidential clerk, having the entire control

and management of the internal affairs of her store, without her knowledge or consent, obtained a lease to himself of the premises in which the trade was carried on; refused to transfer the lease to her; excluded her from the premises; and by these means compelled her to a sale of the stock and fixtures to him, at a price wholly inadequate to the value of the business which she gave up to him; at the same time deluding her with the expectation that he would do what is right by her, as to the good will of the business, which was worth a bonus of $3,000, or upwards, more than the price he gave her for the stock and fixtures.

She prayed that the sale might be declared fraudulent, and that Bavin might be declared her trustee; for an account and re-transfer of the goods; for an injunction and a receiver, and for general relief.

Bavin denied the charges in the bill, but asserted that he had acted fairly; that the complainant had refused to take the lease of the store, etc.; that he never promised anything for the good will of the business, etc.

The proofs did not sustain the allegations in the bill, and JOHN M. WILSON, Judge of the Superior Court, on the hearing on bill, answer and proofs, dismissed the bill. The complainant below brings the case to this court.

J. E. GARY, for Plaintiff in Error.

E. G. HOOKE, and A. W. ARRINGTON, for Defendant in Error.

CATON, C. J. While we are disposed to go to the extremest length to hold agents, or those occupying fiduciary capacities, to the strictest fairness and integrity towards their principals, and to prevent them from taking advantage of their position to benefit themselves at the expense or disadvantage of their principals; yet we find nothing in this case violative of this principle. The defendant was not employed in any way to procure or assist in procuring this lease, and seems carefully to have abstained from negotiating for it, till the plaintiff had finally refused to take it. As between her and the landlord,

the negotiation was ended, and neither the landlord nor the defendant had any reason to suppose that she still desired to procure these premises: The defendant had every reason to suppose she contemplated procuring another place for the conduct of her business.

Again, if she had any claim on the defendant for this transaction, that was fairly and fully settled and paid for, according to the mutual agreement of the parties, fairly made when the parties stood on equal terms.

The decree is affirmed.                    *Decree affirmed.*